UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MOAB INVESTMENT GROUP LLC,

      Plaintiff,

      v.

MARY NEUMEYER, et al.,

      Defendants.
_____/

No. C 15-1550 PJH

**ORDER GRANTING MOTION TO REMAND**

      This case was removed from the Superior Court of California, County of San Mateo, on April 3, 2015. The court has reviewed the notice of removal and the state court complaint, the motion to remand filed by plaintiff Moab Investment Group, and the opposition filed by Mary T. Neumeyer, and finds that the case must be remanded for lack of subject matter jurisdiction.

      Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

      A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are

construed restrictively, however, so as to limit removal jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint.  Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint).  Jurisdiction may not be based on a claim raised as a defense or a counterclaim.  K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

The complaint at issue was filed in San Mateo County Superior Court by plaintiff Moab Investment Group LLC on October 31, 2014.  The complaint alleges a single cause of action under state law for unlawful detainer.  See Dkt. 1, Ex. 1.  Although the complaint named only Mary Neumeyer as a defendant, a notice of removal was filed by Mary T. Neumeyer[1] and Walter Neumeyer ("the Removing parties").

The notice of removal suffers from a lack of clarity, but appears to claim that the court has federal question jurisdiction over the case, stating that:  "The grounds for such removal is being bases on claims 'arising under' federal law.  Namely, as to federal

---

[1] Plaintiff states in its motion to remand that the original defendant, Mary Neumeyer, is deceased, and that her adult daughter, Mary T. Neumeyer, entered the case and filed the notice of removal.

2

jurisdiction resulting from the moving party's application to identify the statutory basis for the claims." Dkt. 1 at 1. The notice then presents a list of "federal questions posed":

> 1) Why did Trustee fail to provide notice of copy of sell to the Internal Revenue Service pursuant to IRC Code 7425?
> 2) Why did Trustee fail to comply with code of federal regulation (CFR § 27.15) Housing and Urban Development (non-judicial foreclosure single family)?
> 3) Why did Trustee engage in prohibited transaction pursuant to IRC 4.72.11?
> 4) Why is Trustee not listed on the list of nonbank Trustees Approved dated April 1, 2014?

Dkt. 1 at 2.

The notice of removal also claims that "the amount in controversy exceeds $75,000," but there is no other indication that the removing parties are claiming diversity jurisdiction, especially since they admit in the notice that their "current residence is that of the State of California." Dkt. 1 at 2.

The notice of removal alleges no facts from which the court can find that it has subject matter jurisdiction over the complaint. As stated above, the existence of a federal question must be presented on the face of plaintiff's complaint. The complaint in this action raises no federal question, as it asserts only one unlawful detainer cause of action under state law. While the removing parties purport to present a list of "federal questions posed," at best, those demonstrate the existence of possible federal <u>defenses</u> to plaintiff's state law claim. The opposition filed by Mary T. Neumeyer similarly claims that "plaintiff failed to notify Internal Revenue with a copy of the notice of trustee pursuant to IRC Code 7425." However, while plaintiff's alleged failure to comply with an IRC Code section might demonstrate the presence of a federal affirmative defense or counterclaim, neither are sufficient to establish federal jurisdiction. See K2 America Corp., 653 F.3d at 1029. Thus, the court finds no basis for federal question jurisdiction in this case.

Nor does the notice of removal establish diversity jurisdiction. The notice states that the removing parties' "current residence is that of the State of California," and is silent on the issue of plaintiff's citizenship. Moreover, in plaintiff's motion to remand, it asserts that it is "a limited liability company organized under California laws," and that "[o]wners/members

3

of the LLC are all residents of California." See Dkt. 7 at 6.  While the opposition brief claims, in a conclusory manner, that the court has diversity jurisdiction, it offers no facts regarding the citizenship of the parties.  For that reason alone, the court finds diversity jurisdiction to be lacking.

The motion to remand also points out that the underlying state court complaint alleges daily rental value at $200, starting from October 30, 2014.  Thus, at the time of removal (on April 3, 2015), the amount of controversy was well under $75,000, despite the conclusory assertions in the notice of removal.  Finally, the court notes that the face of the state court complaint states that it is filed as a "limited civil jurisdiction" case, which means that recovery is limited to $25,000.  See Dkt. 1, Ex. 1 at 3.  The body of the complaint also expressly states that "[p]laintiff remits to the jurisdictional limit of this court." Id. at 5.

Diversity jurisdiction is improper for the additional reason that, as California citizens, defendants cannot remove a case based on diversity jurisdiction, if the case was filed against them in a California state court.  Lincoln Property Co. v. Roche, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. § 1441(b)).  Thus, the court finds no basis for diversity jurisdiction in this case.

Neither the notice of removal nor the opposition raise any other basis for federal subject matter jurisdiction, and thus, the court finds that the case must be REMANDED to the Superior Court for the County of San Mateo.  In its motion to remand, plaintiff raises two other bases for remanding the case: (1) before the notice of removal was filed, default was entered against the removing parties in state court, which cuts off their right to appear in the action, and (2) the removal was untimely, as it occurred more than 30 days after the removing parties first appeared in the action.  The court agrees that either of these bases, standing alone, provide sufficient grounds for remand.

Accordingly, as the court lacks subject matter jurisdiction, and because this case was improperly removed, defendant's motion to remand is GRANTED, and the action is hereby REMANDED to the San Mateo Superior Court.

**IT IS SO ORDERED.**

4

Dated: April 28, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge